246 F.2d 694
 The DAYTON POWER AND LIGHT COMPANY, Petitioner,
v.
FEDERAL POWER COMMISSION, Respondent,
United Fuel Gas Company and Central Kentucky Natural Gas Company, Intervenors,
Commonwealth Natural Gas Corporation, Intervenor,
Cities of Lexington, Georgetown, Covington, Newport, Mt. Sterling, Paris, Irvine, Ravenna, Cynthiana, Ashland, Dayton, Catlettsburg, Bellevue, Winchester, Ft. Thomas and Ft. Mitchell, Kentucky, Intervenors.
 No. 13525.
 United States Court of Appeals District of Columbia Circuit.
 Argued April 9, 1957.
 Decided June 3, 1957.
 
 Messrs. Julian de Bruyn Kops, Jr., and Roy D. Boucher, Dayton, Ohio, with whom Mr. Frederick C. Wellington, Dayton, Ohio, was on the brief, for petitioner.
 Messrs. Willard W. Gatchell, Gen. Counsel, Federal Power Commission, Howard E. Wahrenbrock and W. Russell Gorman, Asst. Gen. Counsel, Federal Power Commission, and David S. Lichtenstein, Atty., Federal Power Commission, submitted on the brief, for respondent.
 Mr. Richard A. Rosan, New York City, with whom Mr. John P. Randolph, Washington, D. C., was on the brief, for intervenors United Fuel Gas Co. and Central Kentucky Natural Gas Co.
 Mr. James O. Watts, Jr., Lynchburg, W. Va., with whom Mr. Stanley M. Morley, Washington, D. C., was on the brief, for intervenor Commonwealth Natural Gas Corp.
 Mr. J. Parker Connor, Washington, D. C., with whom Messrs. Charles S. Rhyne, Brice W. Rhyne and Eugene F. Mullin, Jr., Washington, D. C., were on the brief, for intervenors City of Lexington, Ky., and others.
 Before WILBUR K. MILLER, DANAHER and BASTIAN, Circuit Judges.
 WILBUR K. MILLER, Circuit Judge.
 
 
 1
 Dayton Power and Light Company petitions us to review and set aside an order of the Federal Power Commission which authorized Central Kentucky Natural Gas Company and its affiliated supplier, United Fuel Gas Company, to amend their demand-commodity rate structures by providing for a contract demand for the life of the service agreement, instead of the annually ascertained peak demand theretofore in effect.[1] Proposed substantial increases in the demand and commodity charges were reserved by the Commission for future determination, so the actual rate level was not fixed or affected by the challenged order.
 
 
 2
 Dayton is a retail distributor of natural gas which it buys from wholesalers. It is not a direct customer of either Central Kentucky or United Fuel, and is interested in the order only because its principal supplier, Ohio Fuel Gas Company, purchases its gas supply from United Fuel, with which it is affiliated.
 
 
 3
 Review is sought under § 19(b) of the Natural Gas Act, 15 U.S.C. § 717r(b),[2] which provides that any party to a proceeding under the Act aggrieved by an order issued by the Commission in such proceeding may obtain a review of such order in this court or in any other appropriate court of appeals by seasonably filing a petition praying that the order of the Commission be modified or set aside in whole or in part. It is therefore necessary at the outset to ascertain whether Dayton shows itself to be aggrieved by the order of which it complains. It alleges it "is aggrieved by the action of the Commission in approving a rate form for United Fuel which results in higher rates for gas to Ohio Fuel, Dayton's principal supplier * * by the action of the Commission in approving a rate form which is not just and reasonable and * * * is unduly discriminatory and preferential against United Fuel's customers and the distributing company purchasers from such customers in favor of United Fuel * * *."
 
 
 4
 The rate form approved by the order does not result in higher rates to Ohio Fuel, since the actual level of the rates was not fixed therein but was reserved for future consideration and determination. Even if the order itself had the effect of increasing the rate charged Ohio Fuel by United Fuel, it does not follow that Ohio Fuel could and would for that reason impose a higher rate upon Dayton; nor is it alleged that such would be the case. Dayton's assertions that the contract demand authorized by the order is unjust, unreasonable, unduly discriminatory and preferential are gratuitous allegations concerning a matter in which Dayton has no immediate concern. It does not allege nor does it otherwise appear that, because of the order involved here, Ohio Fuel can or will seek to introduce the contract demand component into the rate under which it supplies gas to Dayton. If and when it attempts to do so by filing an amended tariff with the regulatory body having jurisdiction, Dayton will have full opportunity to protest and be heard with such opportunity for judicial review of an order by which it is aggrieved as is afforded by the applicable regulatory statute.
 
 
 5
 We think it quite clear from these considerations that Dayton is not aggrieved by the order involved here. It lacks the standing which it must have in order to obtain the review it seeks. Its petition must be dismissed for lack of jurisdiction.
 
 
 6
 So ordered.
 
 
 
 Notes:
 
 
 [1]
 For a fuller discussion of the proceedings in which the order was entered reference is made to Cincinnati Gas & Electric Company v. Federal Power Commission, 1957, ___ U.S.App.D.C. ___, 246 F.2d 688
 
 
 [2]
 15 U.S.C.A. § 717r(b)